UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRANDI WETHERALD,
Individually and as Parent
and Next Friend
of C.W., A Minor,
)
)
        Plaintiff,    )
)
v.    )    Case Number 1:19-cv-3
)
)
CARMEL CLAY SCHOOL    )
CORPORATION and THE    )
CARMEL CLAY BOARD    )
OF SCHOOL TRUSTEES,    )
)
        Defendants.    )

## COMPLAINT FOR DECLARATORY JUDGMENT AND ATTORNEY FEES

Plaintiff, by counsel, and for her Complaint against Defendants, alleges:

**I.**

**PARTIES**

1. Defendant Carmel Clay School Corporation ("the District") is a school corporation in Carmel, Indiana. The District's principal office is located in Hamilton County, Indiana.

2. Defendant The Carmel Clay Board of School Trustees ("the Board") is the governing body of the District.

3. Plaintiff is a resident of Hamilton County, Indiana. She is the natural parent of C.W., a minor and brings this action in her individual capacity and as parent and next friend of C.W., a minor.

4. C.W. is a child with a disability as defined in 20 U.S.C. § 140(3)(A). Specifically, C.W. has autism spectrum disorder, an anxiety disorder, a mood dysregulation disorder, ADHD, Celiac disease, a rare chromosomal disorder and mitochondrial disorder that cause additional challenges in learning and behavior. At all relevant times he was and is eligible to receive special education and related services from the District.

## II.

### JURISDICTION

5. This action is brought pursuant to 20 U.S.C. § 1415(i)(3)(B) of the Individuals with Disabilities Education Act ("IDEA"), 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 to establish that Plaintiff is the prevailing party in an underlying state administrative proceeding and as such is entitled to an award of reasonable attorneys' fees and costs incurred in connection with those administrative proceedings. Specifically, Plaintiff seeks (a) a declaratory judgment declaring her a parent of a child with a disability who is a "prevailing party" under IDEA, and (b) an award of reasonable attorney fees and costs incurred in successfully prosecuting a special education due process case against the District, as well as attorney fees and costs incurred prosecuting this action, plus any damages to which she may be entitled, including recovery of costs and expenses. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under 20 U.S.C. § 1415(i)(3). To the extent Plaintiff has pendent claims arising under state law, 511 IAC 7-45-11 permits a prevailing party to bring an action for

attorney fees in state or federal court. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## III.

## VENUE

1. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## IV.

## THE UNDERLYING ADMINISTRATIVE PROCEEDINGS

2. Pursuant to 511 IAC 7-45-3 and IDEA, on or about June 1, 2018, Plaintiff filed a Request for Due Process Hearing[1] ("Due Process") with the Indiana Department of Education ("IDOE"). A redacted copy of the Due Process is attached hereto and incorporated by reference herein as Exhibit A.

3. In her Due Process, Plaintiff alleged numerous deficiencies in the Individualized Education Programs (IEPs) developed by the District for C.W. She alleged that the District committed various procedural and substantive violations of IDEA and, as a result, denied C.W. a free appropriate public education (FAPE).

4. Plaintiff proposed several remedies in her Due Process, including having the District pay for an Independent Educational Evaluation (IEE) of C.W., development of a new IEP for C.W., a private placement, training of District employees and provision of compensatory educational services.

---

[1] The District was the named Respondent, but the Board is also being named herein since it is the District's governing body. Both Defendants will be referred to as the District.

5. IDOE assigned the Due Process Hearing Number HR-095-2018 and appointed an Independent Hearing Officer (IHO) to preside over the Due Process.

6. In a good faith effort to resolve the Due Process without a hearing, counsel for Plaintiff discussed settlement with defense counsel on numerous occasions over the subsequent months. On or about August 9, 2018, defense counsel acknowledged Plaintiff's "willingness to negotiate towards a resolution of this matter."

7. Among other attempts to compromise and settle their dispute, Plaintiff's attorneys sent counsel for the District written settlement proposals (including proposals sent on August 24, 2018; September 4, 2018; September 7, 2018; October 22, 2018; October 29, 2018); however, the District rejected (either expressly or by its refusal to accept) all of the offers of compromise made by Plaintiff.

8. By order dated October 12, 2018, the IHO framed the issues for the Due Process hearing. A true and accurate copy of her *Order Issues for Hearing* is attached hereto as Exhibit B.

9. A Due Process hearing was convened October 29, 2018 and was held over a period of approximately five (5) days, concluding on November 2, 2018.

10. Witnesses were sworn. Plaintiff and the District presented evidence and argument. Both were allowed to submit post-hearing briefs and proposed findings of fact, conclusions of law and orders.

11. Following the hearing, the IHO took the matter under advisement. On December 7, 2018, the IHO issued her Due Process hearing decision ("Order"). A true and accurate copy of the Order is attached hereto and incorporated herein by reference as Exhibit C.

12. Based on her findings of fact, the IHO concluded that: the IEPs developed by the District were not reasonably calculated to provide C.W. with meaningful educational benefit and failed to provide him with a FAPE; the IEPs developed by the District did not provide C.W. with an education in his least restrictive environment (LRE); the District failed to consider placement options for C.W. other than a residential program; the District did not provide an appropriate transition plan for C.W. and did not implement his IEP as written; a residential placement as proposed by the District is not an appropriate transition plan for C.W.; and the District failed to provide C.W. with special education and related services when he was removed from his placement for disciplinary reasons.

13. As a result of these violations, the IHO ordered the District to: develop a new IEP for C.W. which includes academic goals; conduct a functional behavior assessment (FBA) and develop a behavior intervention plan (BIP) for C.W.; conduct assistive technology and occupational therapy evaluations of C.W.; pay for an IEE by a provider chosen by Plaintiff; provide C.W. with a private placement in a day program with an appropriate curriculum; provide C.W. with transportation as a related service; provide C.W. with six months of compensatory educational services; provide Plaintiff with 10 hours of parent training; and provide District employees with 10 hours of training on Indiana special education law.

14. A comparison of the relief requested in Plaintiff's Due Process (Ex. A), the IHO's order framing the issues for hearing (Ex. B) and the IHO's Order (Ex. C) reveals that the IHO ruled in Plaintiff's favor and ordered the District to provide Plaintiff with all (or substantially all) of the relief requested.

## V.

## ATTORNEY FEES

15. Plaintiff retained attorney Catherine Michael to represent her in the Due Process. Ms. Michael practices primarily in the area of education law. An affidavit summarizing her experience and hourly rate is attached hereto as Exhibit D. A true and accurate copy of her invoice is attached as Exhibit D-1.

16. Ms. Michael served as lead counsel for Plaintiff in the Due Process. Because of the complexity of the issues presented, she enlisted her partner, Sonja Kerr of her office and another education attorney, Thomas Blessing, to serve as co-counsel. His affidavit is attached hereto as Exhibit E. A true and accurate copy of his invoice is attached as Exhibit E-1. Ms. Kerr's affidavit is attached hereto as Exhibit F.

17. As of the date this action is filed, Plaintiff has incurred attorney fees of approximately $130,000 prosecuting the Due Process and this action. (See Exhibits D-1 and E-1) The amount of Plaintiff's attorney fees continues to increase and she reserves the right to seek recovery of reasonable fees incurred post-filing.

18. Plaintiff is the parent of a child with a disability. Under the Order, Plaintiff is a "prevailing party" in the Due Process for purposes of 20 U.S.C. § 1415(i)(3)(B) because the Order alters the legal relationship between Plaintiff and Defendants and Plaintiff succeeded on the merits of one or more of the issues in the Due Process and obtained most of the relief which she sought in her Due Process.

19. As such, Plaintiff is entitled to recover her reasonable attorney fees under 20 U.S.C. § 1415(i).

**RELIEF SOUGHT**

Plaintiff respectfully requests the following relief:

1. Judgment in her favor and against Defendants, jointly and severally;

2. A declaration that Plaintiff was the prevailing party as the parent of a child with a disability in the Due Process;

3. An award of reasonable attorney fees incurred in (a) prosecuting the Due Process, and (b) prosecuting this action;

4. Costs of this action;

5. Pre- and post-judgment interest; and

6. All other relief reasonable in the premises.

Respectfully submitted,

*Catherine M. Michael*
_____
Catherine M. Michael 22474-49
Thomas W. Blessing 15696-49
*Attorneys for Plaintiff*
11555 N Meridian, Suite 530
Carmel IN  46032
317/569-2200
317/569-2202 fax
cmichael@hzlegal.com
skerr@hzlegal.com


11650 Lantern Road, Suite 204
Fishers, IN 46038
317/576-8580
317/203-1012 fax
tom@mjcattorneys.com