**BEFORE AN INDEPENDENT HEARING OFFICER**
**APPOINTED BY THE INDIANA DEPARTMENT OF EDUCATION**
**PURSUANT TO 511 IAC 7-45-3**

In the Matter of the Article 7 Hearing Regarding:

C.W., by their parent and next friend B.W.,

          Petitioner,

and                                                         **Hearing Number: HR-095-2018**

Carmel Clay Schools,

          Respondent.

**ORDER ISSUES FOR HEARING**

The Independent Hearing Officer (IHO) has jurisdiction in the Due Process matter pursuant to a letter of appointment from the Indiana Department of Education. According to documents sent by the Indiana Department of Education to the IHO, the parent(s) made the request for a due process hearing on June 4, 2018. The Indiana Department of Education received this request on June 4, 2018. An appointment of an IHO was made on June 7, 2018. This is an administrative hearing pursuant to Indiana's special education rules in the Indiana Administrative Code at 511 IAC 7-32 through 7-49 (hereinafter "Article 7").

Pursuant to 511 IAC 7-45-7(f) the IHO submits the following Issues for Hearing:

1. Whether Respondent, since April 2018, developed appropriate individualized education plans (IEPs) covering all areas of the student's needs which were reasonably calculated to provide meaningful education benefit pursuant to Article 7, as well as the relevant portions of IDEA and case law, and if not, whether Respondent's failure denied the student a free appropriate public education.[1]

---

[1] This is a broad issue. This issue includes whether the IEPs developed included measurable goals, necessary accommodations, and special education and related services. Proposed Issue 2 was a more specific statement of related services, and is therefore consolidated into Issue 1.

EXHIBIT

B

2.  Whether the IEPs developed by Respondent, since April 2018, provided for an appropriate education in the least restrictive environment (LRE) pursuant to Article 7, as well as the relevant portions of IDEA and case law, and if not whether this denied the Student a free appropriate public education.[2]

3.  Whether Respondent failed to consider placement options; other than a residential placement, to determine if they were appropriate, in accordance with Article 7, as well as the relevant portions of IDEA and case law, and if so, whether this failure denied the student a free appropriate public education.

4.  Whether, during the statutory period of two years prior to the filing of the due process hearing request, Respondent provided extended school year services to the student in accordance with Article 7, as well as the relevant portions of IDEA and case law, if so, whether they were appropriate to provide a free appropriate public education and if not, whether this failure denied the student a free appropriate public education.

5.  Whether, during the statutory period of two years prior to the filing of the due process hearing request, Respondent provided the Student with a fully-compliant transition evaluation and transition IEP, pursuant to Article 7, as well as the relevant portions of IDEA and case law, and if not, whether this failure denied the student a free appropriate public education.[3]

6.  Whether the proposed residential placement would be contrary to transition planning pursuant to Article 7, as well as the relevant portions of IDEA and case law, and if so, whether this denied the student a free appropriate public education.

7.  Whether, during the statutory period of two years prior to the filing of the due process hearing request, Respondent failed to provide the student with special education and related services during removals pursuant to Article 7, as well as the relevant portions of IDEA and case law, and if not, whether this failure denied the student a free appropriate public education.

---

[2] Proposed Issue 1 mentions placement, and Proposed Issue 5 addresses LRE, these two issues have been consolidated here.  This includes the proposed May 28, 2018 IEP.

**DATE: October 12, 2018.**

_____
**Bethany Redinbo**
**Independent Hearing Officer**

Distribution (via I-CHAMP):

Catherine Michael, Sonja Kerr, Hollingsworth & Zivitz, Attorney for Petitioner Parent
Thomas W. Blessing, Massillamany Jeter & Carson, Co-counsel for Parent
Andrew Manna, Jessica Heiser, CCH + A, Attorney for Respondent School
Office of Special Education, Indiana Department of Education – file copy