UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDI WETHERALD, Individually and as Parent and Next Friend of C.W., A Minor, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:19-cv-00003-JPH-DML ) |
| CARMEL CLAY SCHOOL CORPORATION and THE CARMEL CLAY BOARD OF SCHOOL TRUSTEES, | ) ) ) ) ) |
| Defendants. | ) |

**PARTIES' PROPOSED CASE MANAGEMENT PLAN**

I.   **Parties and Representatives**

    A.   **Plaintiff**:   Brandi Wetherald, individually and as parent and next friend of C.W., minor.

        **Defendants**:   Carmel Clay School Corporation and Carmel Clay Board of School Trustees.

    B.   Counsel for Parties:

**Defendants:**

Brent R. Borg
Andrew A. Manna
Jessica M. Heiser
Church Church Hittle + Antrim
2 N. 9th Street
Noblesville, IN  46060
bborg@cchalaw.com
amanna@cchalaw.com
jheiser@cchalaw.com

**Plaintiff:**

Thomas W. Blessing
Catherine M. Michael
Sonja Kerr
11555 N Meridian, Suite 530
Carmel IN 46032
tom@mjcattorneys.com
cmichael@hzlegal.com
skerr@hzlegal.com

II. **Jurisdiction and Statement of Claims**

A. The basis for subject matter jurisdiction is the Individuals with Disabilities Education Act, 20 U.S.C. §§1400, et seq., and specifically, 20 U.S.C. §1415.

B. Plaintiff's Statement of Case. Plaintiff was the "prevailing party" in an underlying state administrative due process proceeding pursuant to the IDEA and Indiana's Article VII requirements. As such, she is entitled to recover her reasonable attorney fees incurred prosecuting that action and this action.

C. Defendants' Statement of Case. Defendant submits that Plaintiff is not entitled to attorney fees, including primarily for reasons stated in Defendant's counterclaim. As elaborated in its counterclaim, Defendant contends that by a preponderance of the evidence, the administrative record does not support the findings of fact, conclusions of law, and orders by the IHO. Accordingly, the IHO's decision should be reversed.

III. **Disagreement on CMP**

The parties are not able to agree on an appropriate CMP. Plaintiff asserts the CMP should reflect a Track 2 timetable (as proposed below). Defendants assert there are good reasons to depart from the uniform CMP and proposes a CMP reflected below. The parties respectfully request the Court determine and frame the appropriate CMP for this particular case.

**DEFENDANTS' PRROPOSED CMP**

As the Court stated in its Order Setting Pretrial Conference (dkt. 11), counsel is encouraged "to consider whether there are good reasons to depart from particular provisions of the uniform CMP and to frame a CMP appropriate for the case at hand." This case involves an appeal of an administrative hearing, in which the administrative record already exists (subject to the submission of additional evidence as permitted by Article VII)" and items such as initial disclosures and witness and exhibit lists are not relevant to the particular case at hand. To that end, Defendants respectfully submit that the Court's order following the initial pre-trial conference reflect the following:

1. The Parties anticipate filing cross-motions for summary judgment on Defendant's

counterclaim and propose that briefing and other scheduling on such cross-motions for summary judgment proceed as follows:

    a. If neither party files a motion for the submission of additional evidence, then Defendant's Summary Judgment Motion and Brief in Support ("Defendant's Principal Brief") shall be filed on or before May 22, 2019. If either party files a motion for submission of additional evidence, then the deadline for Plaintiffs to file their Principal Brief shall be set out in the Court's order that rules upon the motion for submission of additional evidence.

    b. The deadline for the Plaintiff to respond to Defendant's Principal Brief and to file their brief in support of their cross motion for summary judgment ("Plaintiff's Principal and Response Brief") shall be sixty (60) days after the Defendant files Defendant's Principal Brief.

    c. The deadline for the Defendant to respond to the Plaintiff's Principal and Response Brief and to reply in support of their summary judgment motion ("Defendant's Response and Reply Brief") shall be thirty (30) days after the Plaintiff files Plaintiff's Principal and Response Brief.

    d. The deadline for the Plaintiff to file its reply in support of its cross motion for summary judgment ("Plaintiff's Reply Brief") shall be twenty (20) days after the Defendant files Defendant's Response and Reply Brief.

2.    Unless relief from the Court is requested and granted, the briefs filed by the parties shall not exceed the following page limits (excluding any tables of contents and/or authorities, appendices, and certificates of service):

    a. Defendant's Principal Brief: 50 pages

    b. Plaintiff's Principal and Response Brief: 55 pages

    c. Defendant's Response and Reply Brief: 45 pages

    d. Plaintiff's Reply Brief: 30 pages

3.    To assist the Court with review of the Parties' briefs, the Parties will include in their briefs hyperlinks to all citations, including citations to the administrative record. Instructions for including hyperlinks in pleadings filed with the court can be found in the

Attorney Guide to Hyperlinking in the Federal Courts.

4. The Parties agree that judicial economy requires resolution of Defendant's counterclaim as an initial matter. Accordingly, the Parties request that any dispositive motion or other filing related to Plaintiff's claim for attorney fees be deferred pending a ruling on the Parties' anticipated cross-motions for summary judgment.

5. If the ruling on Plaintiff's claim for attorney fees proceeds following summary judgment, the parties shall serve their Fed. R. Civ. P. 26 initial disclosures related to reasonable fee provisions within thirty (30) days.

**PLAINTIFF'S PRROPOSED CMP**

**III. Pretrial Pleadings and Disclosures**

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before May 2, 2019.

    B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before May 9, 2019.

    C.    Defendant(s) shall file preliminary witness and exhibit lists on or before May 16, 2019.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before June 2, 2019.

    E.    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before June 2, 2019. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

    F.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before January 2, 2020. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report

      required by Fed. R. Civ. P. 26(a)(2) on or before [30 days after Plaintiff(s) serves its expert witness disclosure]; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before February 2, 2020.

G.   Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.   Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before March 2, 2020. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.   All parties shall file and serve their final witness and exhibit lists on or before March 2, 2020. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.   Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.   <u>Discovery of electronically stored information ("ESI")</u>. The parties do not anticipate discovery of electronically stored information ("ESI") as the case involves a review of an administrative record to be produced by the Indiana Department of Education and attorneys' fees. The parties agree that in the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.**     **<u>Discovery[1] and Dispositive Motions</u>**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Yes. Plaintiff was the prevailing party in the underlying administrative proceeding as evidenced by Defendants' appeal of the IHO's decision.

B. On or before November 9, 2019, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

   __X__ Track 2: Dispositive motions are expected and shall be filed by December 2, 2019; non-expert witness discovery and discovery relating to liability issues shall be completed by November 2, 2019; expert witness discovery and discovery relating to attorney's fees and costs shall be completed by April 2, 2020. All remaining discovery shall be completed by May 2, 2020.

   <u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

**V.**     **<u>Pre-Trial/Settlement Conferences</u>**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the**

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

**Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in October 2019.**

VI. <u>Trial Date</u>

The parties request a trial date in July 2020. The trial is by Court and is anticipated to take 3 days. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

VII. <u>Referral to Magistrate Judge</u>

A. **Case**. The parties agree to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII. <u>Required Pre-Trial Preparation</u>

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all

        opposing parties either:

        a.    brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

        b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

WHEREFORE, the parties respectfully request the Court to frame a CMP appropriate for the case at hand.

                                        Respectfully submitted,

| | |
|---|---|
| _/s/ Brent R. Borg_ | _/s/ Thomas W. Blessing_ |
| Brent R. Borg | Thomas W. Blessing |
| Andrew A. Manna | Catherine M. Michael |
| Jessica M. Heiser | Sonja Kerr |
| Church Church Hittle + Antrim | 11555 N Meridian, Suite 530 |
| 2 N. 9th Street | Carmel IN 46032 |
| Noblesville, IN 46060 | tom@mjcattorneys.com |
| bborg@cchalaw.com | cmichael@hzlegal.com |
| amanna@cchalaw.com | skerr@hzlegal.com |
| jheiser@cchalaw.com | |
| | |
| Attorneys for Defendants | Attorneys for Brandi Wetherald, Individually |
| Carmel Clay School Corporation and | and as Parent and Next Friend of C.W., |
| The Carmel Clay Board of School Trustees | a Minor |

So ORDERED.

Date: _____

                                        _____
                                        United States District Judge
                                        Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system