UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDI WETHERALD individually and as parent and next friend of C.W., a minor,<br><br>     Plaintiff,<br><br>     v.<br><br>CARMEL CLAY SCHOOL CORPORATION and<br>CARMEL CLAY BOARD OF SCHOOL TRUSTEES,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 1:19-cv-00003-DML-JPH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## Order Regarding Sealing of Attorneys' Fees Documentation

The plaintiff has filed under seal her motion for attorneys' fees and supporting documentation, but she has not sought the court's permission to file the documents under seal. While the court allowed the parties to file the administrative record under seal (*see* Dkt. 24) and certain briefing on summary judgment was filed under seal, the court perceives no basis to allow the plaintiff to seal the documents she filed to support her motion for attorneys' fees, except the hearing officer's decision, at Dkt. 62-2.

Under Local Rule 5-11, a party who seeks to seal information on the public docket must demonstrate good cause consistent with applicable authority. *See* Rule 5-11(e)(1)-(4). The court will allow the opportunity to do so. She must file a motion to seal and supporting brief within 10 days of the entry of this order. The court provides the following guidance.

When documents are used in a court proceeding directed to a request for relief, they are presumptively "open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir. 2009).  This presumption applies to attorneys' billing information when used to support a request for fees.  It is not consistent with the presumption of public access to seal the very documents that are the source of a party's proof on a matter for which it is seeking judicial relief.  Moreover, it is not appropriate to seal or redact swaths of billing information on the grounds that attorney-client communications or work product might or would be revealed.

First, generalized contentions that a billing statement reveals attorney-client communications or work product are not sufficient.  Privilege designations must be more specific than that.  *See Advanced Steel Recovery, LLC v. X-Body Equipment, Inc.,* 2014 WL 4678297 (E.D. Cal. Sept. 19, 2014) (generalized attorney-client and work product claims are insufficient to justify sealing of billing statements when party seeks to recover fees based on the work revealed in the statements); *Grand Elec., LLC v. IBEW Local 265,* 2011 WL 6740408 at *4 (D. Neb. Dec. 22, 2011) (refusing to seal billing statements when they serve as proof underlying motion for fee award).

Second, in the court's experience, it is unusual for billing statements to reveal the contents of actual privileged communications; more likely, they reveal information that would be contained on a privilege log shared with an opposing

party and thus neither implicate the attorney-client privilege or a waiver of it. With respect to work product, when billing statements are proffered after a decision on the merits, it is unlikely that they reveal work product not already known.

Third, if one wants to be reimbursed for certain legal work, then one must be willing to reveal the nature of that legal work. *E.g., Wilhelm v. Calumet City,* 2007 WL 1560214 at *3 (N.D. Ill. May 25, 2007) (refusing to permit recovery for legal work for which the descriptions were redacted in a manner that made it difficult to determine whether the work was reasonably expended); *PNC Bank, NA v. OHCMC-Oswego, LLC,* 2012 WL 2062889 at *3 (N.D. Ill. June 4, 2012) (if only minor portions are redacted or lack specificity, but the parties and court can, in effect, fill in the blanks through familiarity with the docket and the proceedings, the redactions and lack of specificity within billing statements will not prevent meaningful review).

## Conclusion

The court will maintain the documents at Dkt. 62 under seal to give the plaintiff an opportunity to demonstrate good cause for sealing as required under Local Rule 5-11. A motion to seal and supporting brief must be filed within 14 days of the entry of this order.

So ORDERED.

Dated: July 15, 2020

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system